UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSIE D. TACKETT,

        Plaintiff,

                                              Case No. 09-cv-13803
v.                                        HON. GEORGE CARAM STEEH

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (#23)

Plaintiff filed this case seeking review of the decision to deny her application for social security disability insurance benefits (DIB) and supplemental security income (SSI). On March 29, 2011, this court adopted Magistrate Judge Mona K. Majzoub's report and recommendation reversing and remanding the denial of plaintiff's application for benefits. Now before the court is plaintiff's application for attorneys' fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412. For the reasons that follow, the court awards plaintiff $7,762.90 in attorneys' fees.

Background

Plaintiff filed applications for social security disability insurance benefits and supplemental security income on January 7, 2003, originally claiming a disability onset date of June 7, 2001 (plaintiff later amended her onset date to October 5, 2004). Her claims

were denied on April 14, 2005. She filed a request for a hearing on May 23, 2005. Plaintiff's hearing was held before Administrative Law Judge (ALJ) Mary Connolly on April 18, 2007. On May 23, 2007, the ALJ denied her application. Plaintiff then filed a timely request for review with the Social Security Administration's Appeals Council. On June 15, 2009, the Council denied the request for review.

After obtaining additional time from the Social Security Administration's Appeals Council, plaintiff timely filed a motion for summary judgment or remand in U.S. District Court on September 25, 2009, pursuant to 42 U.S.C. §405(g). Magistrate Judge Mona K. Majzoub issued a report and recommendation opining that this case be remanded on February 8, 2011. On March 29, 2011 this court issued a memorandum opinion and order adopting the magistrate judge's report and recommendation in its entirety. On the same date final judgment was entered.

Plaintiff filed a motion for fees and costs under the EAJA. She is represented by Daley, DeBofsky & Bryant, a Chicago-based law firm. Plaintiff claims the law firm expended a total of 39.37 attorney hours at $170.00 per hour; 6.8 law clerk hours at $125.00 per hour; and 2.2 paralegal hours at $125.00 per hour, for a total EAJA request of $7,762.90.

Analysis

To be entitled to EAJA attorneys' fees, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the agency was not substantially justified; and (4) the fees requested are reasonable. 28 U.S.C. § 241(d)(1)(A) (2005). A district court has broad discretion when determining whether fees should be awarded under the EAJA and its decision will only be

2

overturned if it abuses its discretion. Damron v. Comm'r of Soc. Sec., 104 F.3d 853, 855 (6th Cir. 1997). A district court abuses its discretion if its factual findings are "clearly erroneous," and the court's evaluation of the government's position is reviewed *de novo*. Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).

Under Shalala v. Schaefer, 113 S. Ct. 2625, 2631 (1993), plaintiff is a prevailing party by virtue of the remand, made pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff has filed a timely petition and defendant does not challenge the reasonableness of plaintiff's request.[1] The issue before the court is whether the Commissioner was substantially justified.

A. Was the Commissioner Substantially Justified?

The Commissioner bears the burden of establishing that his position was substantially justified. Dep't of Labor Sec'y v. Jackson Co. Hosp., 2000 WL 658843, * 3 (6th Cir. May 10, 2000). The Supreme Court defines "substantially justified" as "justified in substance or in the main . . . to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). However, the fact that the court finds a decision of the Commissioner not "supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." Couch v. Sec'y of Health and Human Servs., 749 F.2d 359, 360 (6th Cir. 1984).

The magistrate judge recommended remand of this case "for the limited purpose of allowing the ALJ to determine whether the vocational expert's (VE) testimony is consistent

---

[1]While the Commissioner does not dispute the reasonableness of plaintiff's attorneys' fees request the court concludes that plaintiff has met her burden of proving the reasonableness of the requested fees. See Vanner v. Comm'r of Soc. Sec., No. 09-cv-12082, 2011 U.S. Dist. LEXIS 72302, *6-9 (E.D. Mich. July 6, 2011).

with the Dictionary of Occupational Titles (DOT)." The ALJ has an affirmative duty to resolve any discrepancies between the jobs identified by the VE and the DOT's classification of such jobs. When a discrepancy exists, Social Security Ruling (SSR) 00-4p requires ALJ's to: (1) ask the VE whether any conflicts exist between the expert's testimony and the DOT, (2) elicit a reasonable explanation for any such conflict, and (3) explain the resolution of the conflict. At the hearing the VE testified that plaintiff could perform certain sedentary jobs, but the DOT states that some of these jobs require at least a "light" level of exertion. Magistrate Judge Majzoub held that the ALJ failed to uphold her duty under SSR 00-4p by not asking the VE to explain the conflict.

The Commissioner argues it was substantially justified because the ALJ's error was harmless. At the hearing, the VE testified plaintiff could perform unskilled sedentary jobs and gave examples of such jobs. Examples included hand packaging, assembly, inspection, and surveillance system monitor. However, some of these examples conflict with the DOT. The Commissioner points out that jobs like surveillance system monitor are sedentary, consequently, he argues that the ALJ's failure to confirm the consistency of the VE's testimony with the DOT was harmless because remanding the case will simply restate that sedentary employment is available. See NLRB v. Wyman-Gordon, 394 U.S. 759, 766 n.6 (1969) (where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game").

Plaintiff argues the ALJ's omission was not harmless for three reasons. First, the ALJ's failure to follow the statute requires attorneys' fees as a matter of law. When an ALJ fails to follow established law and "clear congressional guidance," the defendant cannot be

4

substantially justified.[2]  Reese v. Sullivan, 925 F.2d 1395, 1397 (11th Cir. 1991); see also, Washington v. Heckler, 756 F.2d 959, 962 (3d Cir. 1985) ("When the Government's legal position clearly offends established precedent, however, its position cannot be said to be 'substantially justified'").  Furthermore, "Social Security Rulings are binding on all components of the Social Security Administration.  'These rulings represent precedent final opinions and orders and statements of policy and interpretation that the [Social Security Administration] has adopted.'"  McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 834 (6th Cir. 2006) quoting 20 C.F.R. § 402.35(b)(1).  Because the ALJ failed to ask the VE about inconsistences with the DOT as required by SSR 00-4p, the ALJ did not follow established law.

Second, the ALJ's omission was not harmless because a remand is required to determine how many sedentary jobs are available in the local economy.  To successfully obtain a Social Security disability determination, plaintiff must show that: (1) she was not presently engaged in substantial gainful employment, (2) she suffered from a severe impairment, (3) the impairment met or was medically equal to a "listed impairment," and (4) she did not have the residual functional capacity to perform her relevant past work.  20 C.F.R. § 404.1520(a)-(g).  Once plaintiff meets her burden, the burden shifts to the Commissioner to consider plaintiff's residual functional capacity, age, education and past

---

[2]Plaintiff sites Pierce v. Underwood, 487 U.S. 552 (1988), but this case does not hold that the Commissioner's position is not substantially justified if the ALJ fails to follow "clearly established statutory precedent" like plaintiff claims.  Plaintiff also sites Caremore, Inc. v. NLRB, 150 F.3d 628 (6th Cir. 1998), however this case is not on point because defendant in that case did not argue their position was substantially justified.  Id. at 629 ("Wisely, the NLRB does not argue that its position in the underlying litigation was substantially justified . . . .").

work experience to determine if she could do other work. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999). The Commissioner can meet this burden by, "proving that there is work available in the economy that the claimant can perform." Id. The VE testified that 2,000 surveillance monitoring jobs existed, however there is no controlling authority to determine which amount of accessible jobs is significant. At the hearing, the ALJ accepted 9,000 jobs as being significant, but this included the non-sedentary jobs. Therefore, a remand is required so an ALJ can make this determination. Sias v. Sec'y of Health and Human Servs., 861 F.2d 475 (6th Cir. 1988) (holding that a determination of a significant number should be left to the ALJ) citing Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988).

Third, plaintiff argues that even if enough surveillance system monitor jobs are available, plaintiff may be unable to perform them because the job is no longer "unskilled." Plaintiff points out that the DOT has not been updated since 1986, and surveillance jobs have not been performed at an unskilled level since Sept. 11, 2001. In McClesky v. Astrue, 606 F.3d 351, 353-55 (7th Cir. 2010), the Seventh Circuit remanded a case so the ALJ could determine which unskilled system surveillance monitor jobs remained in the local economy. Therefore, when combining all three factors the ALJ's error was not harmless and defendant's position is not substantially justified.

### B.  Should the EAJA Fees be Paid Directly to Plaintiff's Attorneys?

Under the EAJA the court must award attorneys' fees to the "prevailing party." 28 U.S.C. § 2412(d)(1)(A). In the recent Supreme Court case, Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the court held that in certain circumstances the EAJA requires attorneys' fees to be "payable to the litigant" and not to his or her attorney. Id. at 2524. In Ratliff, the

6

plaintiff was a prevailing party, but the Commissioner discovered he or she owed a pre-existing debt to the United States.  The Ratliff court then allowed the Commissioner to offset the EAJA award in order to satisfy this debt.  Id.  The Commissioner here argues that according to Ratliff, attorney fees should be awarded directly to plaintiff.  However, Ratliff allows attorneys' fees to be paid directly to counsel if plaintiff is not indebted to the government and has signed an EAJA assignment.  Id. at 2529.  Plaintiff has provided a signed copy of her EAJA Assignment of any fee award to her attorney in Exhibit H of her pleadings and claims she has no outstanding debts to the U.S.  However, plaintiff has not provided the court with documentation verifying that she is not indebted to the United States.  Therefore this case is remanded to the Commissioner to determine whether plaintiff has any outstanding debt to the U.S. government.  Should the Commissioner determine plaintiff does not have any outstanding debt, then payment shall be sent directly to plaintiff's attorney.

Conclusion

For the reasons stated above, plaintiff's application for attorneys' fees is GRANTED. The Commissioner shall pay Frederick J. Daley, Jr. $7,762.90 for 39.37 attorney hours pursuant to the EAJA.  The issue of plaintiff's outstanding debt is remanded to the Commissioner to determine where payment should be sent.

SO ORDERED.

Dated:  July 26, 2011

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk